## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ERASMO I. SERRANO, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 20-2364-JAR-KGG |
| | ) | |
| STANDARD INRUANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>ORDER DENYING MOTION TO COMPEL DISCOVERY</u>

Now before the Court is Plaintiff's Motion to Compel Discovery.  (Doc. 20.)

Having reviewed the submissions of the parties, Plaintiff's motion is **DENIED**.

## <u>BACKGROUND</u>

Plaintiff's lawsuit seeks recovery of long term disability benefits from

Defendant under a group employment disability insurance contract provided

through University of Kansas Physicians, pursuant to the Employee Retirement

Income Security Act ("ERISA"), 29 U.S.C. §1132(a)(l)(B).  Plaintiff contends he

was unable to work as an emergency room physician, and thus disabled, as a result

of a condition related to his shoulder.  He applied for – and was eventually denied

– long-term disability benefits from Defendant.

Plaintiff alleges that the term "own occupation" in Defendant's policy is

vague and ambiguous.  He served discovery on Defendant relating to the definition

of this term.  Defendant objected to the discovery, contending that the information
is irrelevant because the Court's review is limited to the administrative record and
the requested discovery "seeks to expand the scope of discovery outside the
materials contained in the administrative record."  (*See generally* Doc. 21-2
(regarding Interrogatories) and Doc. 21-3 (regarding Requests for Production).)

Defendant responds that Plaintiff's motion should be denied because

> 1) when reviewing whether Standard's interpretation was
> arbitrary and capricious, the Court is to limit its review to
> the documents contained in the Administrative Record;
> 2) the LTD Plan cannot be modified orally or by
> documents outside the plan document; and 3) Plaintiff
> has cited no relevant authority that would allow him to
> reverse these long standing legal authorities.

(Doc. 23, at 2.)

## ANALYSIS

Federal Rule of Civil Procedure 26(b) establishes the standard for discovery.
The Rule states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  **Information within this**

> **scope of discovery need not be admissible in evidence
> to be discoverable**.

*Id*. (emphasis added.)  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  ***Holick v. Burkhart***, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face.  ***Williams v. Board of Cty Comm'rs***, 192 F.R.D. 698, 705 (D. Kan. 2000).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D. Kan. 1991).  Defendant argues that "[t]he materials Plaintiff seeks are outside the Administrative Record" and thus "wholly irrelevant to how Standard administered Plaintiff's claim."  (Doc. 23, at 2.)

When deciding whether requested discovery should be allowed in case alleging the denial of ERISA benefits, the Court "must first acknowledge the standard by which it reviews the claims administrator's decision."  ***O'Sullivan v. Hartford Life and Accident Insurance Company***, No. 18-1250-JTM-GEB, 2019 WL 2208149, at *2 (D. Kan. May 22, 2019).  The Supreme Court has determined that the "'denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed

under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'"  *Id.* (citation omitted).  If the administrator has discretionary authority under the plan, the arbitrary and capricious standard of review is applied.  ***Jaremko v. ERISA Admin. Comm.***, No. 10-1137-RDR, 2011 WL 42881, at *1 (D. Kan. Jan. 6, 2011) (citing ***DeGrado v. Jefferson Pilot Fin. Ins. Co.***, 451 F.3d 1161, 1167 (10th Cir. 2006).)

Defendant contends that "Plaintiff admits that the LTD Plan grants the Defendant discretionary authority to interpret the terms of the LTD Plan and that to prevail on his claim he must show that Standard's interpretation of the Plan was arbitrary and capricious."  (Doc. 23, at 2 (citing Doc. 21, at 3).)  Plaintiff admits that the arbitrary and capricious standard applies.  (Doc. 21, at 3.)  Thus, it is uncontested that the Court will ultimately review this case under the arbitrary and capricious standard of review.

When the Court employs this standard to review a decision by a plan administrator,

> 'the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision.'  Therefore, the court's review is usually 'limited to the administrative record – the materials compiled by the administrator in the course of making his decision,' and it 'is the unusual case in which the district court should permit supplementation of the record.'  'The party moving to supplement the record or

> engage in extra-record discovery bears the burden of showing its propriety.'  Courts do not look favorably on attempts to discover or present additional substantive evidence regarding the applicant's disability.  But courts have permitted discovery, outside the administrative record, under such 'exceptional circumstances' as when a conflict of interest exists or 'when there is evidence that a claimant could not have presented in the administrative process.'

*O'Sullivan*, 2019 WL 2208149, at *2.

In the present matter, Plaintiff has made no showing of exceptional circumstances to justify this discovery.  Plaintiff did not even file a reply brief to contradict any of the arguments raised in Defendant's response.  Plaintiff's reference to the alleged ambiguity of a term – that by Plaintiff's own admission has an extensive definition in the policy at issue (*see* Doc. 21, at 1-2) – does not equate to an exceptional circumstance.  Further,  the law is clear that "[w]hen a plan administrator is given authority to interpret the plan language, and more than one interpretation is rational, the administrator can choose any rational alternative." *Kimber v. Thiokol* Corp., 196 F.3d 1092, 1100 (10th Cir. 1999) (citing *Naugle v. O'Connell*, 833 F.2d 1391, 1396 (10th Cir. 1987).)

Plaintiff has failed to meet his burden establishing the propriety or necessity of the requested extra-record discovery.  *See O'Sullivan*, 2019 WL 2208149, at *2. Plaintiff's motion is, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 20) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of February, 2021, at Wichita, Kansas.

 S/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE